Frederick Backer, J.
The plaintiffs move for an injunction pendente lite in an action for declaratory judgment which seeks an interpretation of certain statutory changes made in section 8 of the Waterfront Commission Act (hereinafter called the “Act”), which is contained in chapter 211 of the Laws of 1961. These laws became effective on June 2, 1961. Plaintiffs, in this action, further seek an adjudication that said section 8 is unconstitutional, on various grounds, under the United States Constitution.
This action was instituted on behalf of the International Longshoremen’s Association and certain individuals who are affected by the changes in the said law. This action was instituted against the Waterfront Commission of New York Harbor and Frank S. Hogan as District Attorney of New York County.
By the instant motion for a preliminary injunction, plaintiffs seek temporary restraint of the enforcement of said chapter 211 of the New York Laws of 1961 amending in certain respects said section 8 of the Waterfront Commission Act, which, in its original form, prohibited in substance the collection of dues for any waterfront union which had a convicted felon as one of its officers or agents. Section 8 in its original form has been held to be constitutional by the Supreme Court of the United States, by the New York Court of Appeals, by the Supreme Court of the State of New Jersey, and by this court (De Veau v. Braisted, 363 U. S. 144, affg. 5 N Y 2d 236; Hazelton v. Murray, 21 N. Y. 115; International Longshoremen’s Assn. v. Hogan, 3 Misc 2d 893). In the Be Veau case, the United States Supreme Court rejected contentions that section 8 violated the right of employees to choose collective bargaining agents under section 7 *517 of the National Labor Relations Act, that section 8 had been pre-empted by the Labor-Management Reporting and Disclosure Act of 1959, and that section 8 was violative of due process and was an ex post facto law.
It is argued by the defendants, and it appears herein, that the 1961 amendments to section 8 were enacted simply in order to achieve the original legislative objectives of section 8 and do not detract in any way from the established constitutionality of section 8. This, of course, is one of the issues that will have to be determined at the trial of this action.
The opposing moving papers and briefs submitted by the respective parties upon the instant motion are extensive and illuminating. However, no useful purpose would be served by a burdensome recitation of all of the factual and legal arguments therein stated. In summary, it is plaintiffs’ contention that serious issues of law and of constitutionality are presented in the case at bar, so that a temporary injunction should issue herein staying the enforcement of the amended provisions of section 8 of the Act and prosecutions for alleged violations thereof until these issues have been finally adjudicated. In this light, the court is mindful of established precedents and case law which hold that, in order to justify the extraordinary remedy of a preliminary injunction, a plaintiff must show both that he stands in imminent danger of irreparable injury and that he will probably succeed in the action. The case law in this respect is too numerous to require citation. I am satisfied and persuaded, after a study of the papers herein, that plaintiffs have not demonstrated either of the afore-stated indispensable preconditions to the issuance of a preliminary injunction. They have not shown an imminent threat or irreparable injury, since there is no imminent threat indicated of a criminal prosecution. The affidavits in opposition to this motion, which are made by the Assistant District Attorney, Mr. Uviller, of New York County, and by the general counsel of the Waterfront Commission, aver that plaintiffs are not threatened with any criminal prosecution whatever and consequently do not stand in imminent danger of any irreparable injury. By these affidavits it is shown to the court that the practice of the District Attorneys in the Port of New York, including specifically the defendant the District Attorney of New York County, is not to prosecute under section 8 without advance notice that such action is contemplated and without first affording a prior opportunity for compliance. The defendants’ affidavits show that no one before this court or, for that matter, any other person, has been advised by any official with authority in the premises, that any prosecu *518 tion is contemplated under said section 8. When and if such advice is given, then the person concerned may take such action as he deems advisable, including either compliance with section 8 or the institution of judicial proceedings. Since plaintiffs herein are not threatened with any criminal prosecution whatever, it follows that plaintiffs are not in imminent danger of any irreparable injury and that there is no necessity for the extraordinary relief of a preliminary injunction, as requested, at this time. In addition to the foregoing, it appears to the court that plaintiffs have not shown a probability of ultimate success herein. By this, the court does not intend to impinge upon the ultimate determination of the issues herein, but, at this posture of the case, upon the papers herein presented, it appears that there is no justiciable controversy since there is no threat of imminent prosecution. It has been held that, in the absence of a specific threat of imminent prosecution, an action for injunctive or declaratory relief against an allegedly unconstitutional penal statute must be dismissed for lack of justiciable controversy (Poe v. Ullman, 367 U. S. 497; Watson v. Buch, 313 U. S. 387; Ex Parte La Prade, 289 U. S. 444).
Accordingly, in light of the defendants’ showing herein that there is no imminent threat whatever of a criminal prosecution against plaintiffs; that plaintiffs have not established that they stand in imminent danger of irreparable harm; that plaintiffs have not shown a probability of ultimate success in a declaratory judgment herein, because the 1961 amendments to section 8 in nowise detract from its established constitutionality, I am persuaded that plaintiffs have failed to demonstrate the necessity for the drastic relief of a temporary injunction, sought herein. Accordingly, the motion is denied. If the parties desire an early trial, this court will entertain an order to be settled hereon to that effect.