George Frankenthaler, S.
 

 Petitioner seeks limited letters of administration on the estate of his stillborn son, alleging the existence in an administrator of a right of action for the death of this child. On August 25, 1954, the infant’s mother, then at the close of her third month of pregnancy, was injured in an automobile collision which, it is claimed, caused the baby to be born dead on October 17, 1954, approximately two months later.
 

 Letters of administration may not issue unless there is a deceased person whose property requires administration
 
 (Roughan
 
 v.
 
 Chenango Val. Sav. Bank,
 
 158 App. Div. 786, affd. 216 N. Y. 696). Although a wrongful death action constitutes such property (see Surrogate’s Ct. Act, § 89, subds. [a], [f]) the Court of Appeals has held that there is no wrongful death action for fatal injury to a foetal child, due to the remote and speculative character of the damage
 
 (Butler
 
 v.
 
 Manhattan Ry. Co.,
 
 143 N. Y. 417; followed in
 
 Witrak
 
 v.
 
 Nassau Elec. R. R. Co.,
 
 52 App. Div. 234; see
 
 Devine
 
 v.
 
 Brooklyn Heights R. R. Co., 131
 
 App. Div. 142). In
 
 Matter of Roberts
 
 (158 Misc. 698) where the facts closely resemble those in the case at hand, letters were denied on the ground that the stillborn child alleged to be deceased never had a legal existence. The reason for Surrogate Delehanty’s alternative holding there that no wrongful death action ever came into existence, is no longer applicable. Then the rule of
 
 Drobner
 
 v.
 
 Peters
 
 (232 N. Y. 220) precluded suit for prenatal injuries by a child later born and as a result the requirement of section 130 of the Decedent Estate Law, that a wrongful death action be based upon injuries which if nonfatal would give the decedent himself a right of action, could^not be met in the case of a stillborn.
 
 Woods
 
 v.
 
 Lancet
 
 (303
 
 N.
 
 Y. 349) has overruled
 
 Drobner
 
 v.
 
 Peters (supra),
 
 and permits suit by a child born alive for injuries suffered in the womb through another’s negligence during the ninth month of pregnancy, thus enabling petitioner in the instant case to make the necessary allegation that the infant could have sued if he had survived. (See
 
 Kelly
 
 v.
 
 Gregory,
 
 282 App. Div. 542, motion for leave to appeal granted 283 App. Div. 914, applying the rule of
 
 Woods
 
 v.
 
 Lancet [supra],
 
 to a negligently caused injury during the third'month.X
 

 Petitioner relies mainly on the decision in
 
 Woods
 
 v.
 
 Lancet (supra)
 
 to support his claim for letters. The opinion in that case does treat a viable foetus as a separate person
 
 in esse to
 
 whom a tort-feasor owes a duty of care (see Prosser on Torts [1941 ed.], p. 188
 
 et seq.)
 
 and it is contended that an action con
 
 *285
 
 sequently lies for the death of said person. This argument overlooks the fact that the precedents denying a death action on a stillbirth do not turn on whether the dead foetus was a being
 
 in esse.
 
 The force of Judge Awdbews ’ reasoning in
 
 Butler
 
 v.
 
 Manhattan Ry. Co. (supra),
 
 remains unimpaired by the
 
 Woods
 
 case. Acknowledging that the wrongful death statute permits suits in behalf of parents to recover the financial loss attributable to the death of a very young child, he noted that it is extremely difficult to estimate damage in those cases, but that “ where the injury relates to the value of the life of a child cut off in infancy ’ ’ at least some facts can be definitely proved to aid in estimating damage., “ The age and sex of the infant may be proved, its mental and physical condition, its bodily strength, and generally whether there was the apparent promise of a continued or useful life, or the contrary.” [In the case of a stillborn infant, permitting suit would allow the jury]
 
 “
 
 to estimate the pecuniary interest which a husband had in the chance that an embryo * * * would become a living child * * * if born alive, the infant might have been destitute of some faculty, or so physically infirm as to make it a helpless charge. There are no elements whatever upon which a jury could base any conclusion that a pecuniary injury has been suffered by the plaintiff from the loss of the unborn child * * * It is not in the interest of justice to extend the field of speculation in jury trials beyond its present limits ” (143 N. Y. 417, 421-422).
 

 Petitioner has not indicated any manner in which the conceded advances of medical science would make the proof of damage discussed by Judge Akdbews significantly less hypothetical and remote. Proof of the pecuniary injury sustained by the putative parents of the foetal child through loss of the unborn infant’s potential earnings remains manifestly more vague and uncertain than the proof required in the suits for prenatal injury authorized by
 
 Woods
 
 v.
 
 Lancet.
 
 In such cases the plaintiff need only substantiate the claimed causal relationship between the physical injury apparent in the child and the tort committed while it was in the womb. The considerations of justice which militate in favor of a right of action to compensate a living child for' its lack of health do not support a*cause of action in behalf of the parents of a stillborn for their possible pecuniary loss. (Thornton & McNiece, 1955 Survey of New York Law, 3(MsT. Y. IT. Law Rev. 1626; 1935 Report of N. Y. Law Rev. Comm., pp. 449, 474.) Of course, the pregnant mother may sue on any injury which she suffered in her own person. As recovery in death actions is limited to economic loss (Decedent Estate Law, § 132) the
 
 *286
 
 parents of the stillborn child could in no event he compensated for their severe emotional loss; nor does the law grant damages against the tort-feasor merely to punish him.
 

 . The court holds that precedent and public policy continue to bar a suit for the wrongful death of an unborn child (cf.
 
 Muschetti
 
 v.
 
 Pfizer,
 
 208 Misc. 870). This application for limited letters is accordingly denied. Absent the cause of action alleged, there is no property warranting administration. Furthermore, 'subsequent to the decision in
 
 Woods
 
 v.
 
 Lancet (supra),
 
 letters have been refused on the estate of a stillborn infant on the stated ground that there was no deceased person
 
 (Matter of Scanelli,
 
 208 Misc. 804;
 
 Matter of Binder,
 
 N. Y. L. J., May 31, 1956, p. 11, col. 8).
 

 Petitioner may submit a decree denying letters.