Joseph A. Cox, S.
The petitioner in this matter seeks limited letters of administration on the estate of his “ deceased infant son ”. The application is made for the purpose of pursuing a cause of action for the wrongful death of the “decedent” against the City of New York, based upon the negligence of the city, the Gouverneur Hospital, its agents, servants and employees, in failing and neglecting to receive, treat and attend the delivery of the “decedent” from his pregnant mother, which failure and omission, it is alleged, caused the said “ decedent’s ” death.
The alleged facts briefly stated are these: On May 11, 1958 the mother who was in her ninth month of pregnancy and in labor sought admission to Gouverneur Hospital. The hospital refused to admit her and sent her home. On the same day and without medical attention she gave birth to the “decedent” who, it is alleged, had life when born, survived delivery, but was dead by the time medical aid arrived.
The proof submitted by the petitioner at the hearing failed to establish that the “ decedent ” had life when it was born or that it actually survived delivery. Both the attending ambulance physician and the police sergeant who responded to the emergency call testified that the “decedent” was stillborn. The certificate on file in the Bureau of Records and Statistics of the Department of Health is a “ Certificate of Petal Death ’ ’ and sets forth that a boy fetus was delivered on May 11, 1958 at 3:40 p.m. The hospital records indicate that the fetus was dead on arrival. When examined at the hearing the attending ambulance physician admitted that his use of the word “ fetus ” was *1100 inaccurate and that he should have, characterized the birth as “ stillborn”. However, no testimony was adduced to support the petitioner ’s contention that the “ decedent ” was alive when born.
The case differs .somewhat from reported cases on the subject in that no prenatal injury is alleged and that the cause of action, if any, arises out of the nonfeasance and malfeasance of the hospital and its employees immediately preceding birth. Despite this difference, however, it is the opinion of this court that the question to be determined is controlled by the decision of this court in Matter of Logan, 4 Misc 2d 283, affd. 2 A D 842, affd. 3 N Y 2d 800 (see, also, Matter of Scanelli, 208 Misc. 804). Under the law of those cases, the application for limited letters of administration must be denied. The case of Woods v. Lancet (303 N. Y. 349) apparently relied upon by the petitioner, has no application to the case at bar. In that case and in the case of Kelly v. Gregory (282 App. Div. 542) recovery was sought for prenatal injuries to children that were born alive, but deformed or ill as a result of the said prenatal injuries. If the causal relationship could be established between the injury and the deformity or illness, the court held and properly so, that a cause of action existed in favor of the said children.
As stated by Surrogate Fiuxkeítthaeeb. in Matter of Logan (supra, p. 285): “ The considerations of justice which militate in favor of a right of action to compensate a living child for its lack of health do not support a cause of action in behalf of the parents of a stillborn for their possible pecuniary loss.”
The petitioner may submit a decree denying his application for limited letters of administration.