John D. Bennett, S.
Petitioner has applied for limited letters of administration for the purpose of instituting a wrongful death action for fatal injury to a foetal child, stillborn in the eighth month of his mother’s pregnancy.
Letters of administration may not issue unless there is a deceased person whose property requires administration. Pursuant to section 89 of the Surrogate’s Court Act, a wrongful death action constitutes such property, as a general rule. The Court of Appeals in Butter v. Manhattan Ry. Co. (143 N. Y. 417) has held, however, that there is no wrongful death action for fatal injury to a foetal child, due to the remote and speculative character of the damage.
Surrogate Frankenthaler, in Matter of Logan (4 Misc 2d 283, affd. 2 A D 2d 842, affd. 3 N Y 2d 800), presents a concise exposition of the development of our law in respect to actions for prenatal injuries, pointing out the gradual trend away from the rule of Drobner v. Peters (232 N. Y. 220) which precluded such suit until the formulation of the rule set forth in Woods v. Lancet (303 N. Y. 349) which permits suit by a child born alive for injuries suffered in the womb. In that case, as in this, the petitioner relied mainly on the decision in Woods v. Lancet (supra) to support his claim for letters, on the reasoning that if the law holds that a viable foetus is a separate person “ in esse ” to whom a tort-feasor owes a duty of care, an action consequently lies for the death of said person. However, this court concurs in Surrogate Frankenthaler’s opinion as stated on pages 285 and 286, that “ This argument overlooks the fact that the precedents denying a death action on a stillbirth do not turn on whether the dead foetus was a being in esse. The *73 force of Judge Andrews’ reasoning in Butler v. Manhattan Ry. Co. (supra), remains unimpaired by the Woods case. Acknowledging that the wrongful death statute permits suits in behalf of parents to recover the financial loss attributable to the death of a very young child, he noted that it is extremely difficult to estimate damage in those cases, but that ‘ where the injury relates to the value of the life of a child cut off in infancy ’ at least some facts can be definitely proved to aid in estimating damage. ‘ The age and sex of the infant may be proved, its mental and physical condition, its bodily strength, and generally whether there was the apparent promise of a continued or useful life, or the contrary. ’ [In the case of a stillborn infant, permitting suit would allow the jury] ‘ to estimate the pecuniary interest which a husband had in the chance that an embryo * * * would become a living child * * * if born alive, the infant might have been destitute of some faculty, or so physically infirm as to make it a helpless charge. There are no elements whatever upon which a jury could base any conclusion that a pecuniary injury has been suffered by the plaintiff from the loss of the unborn child * * * It is not in the interest of justice to extend the field of speculation in jury trials beyond its present limits ’ (143 N. Y. 417, 421-422).
“ Petitioner has not indicated any manner in which the conceded advances of medical science would make the proof of damage discussed by Judge Andrews significantly less hypothetical and remote. Proof of the pecuniary injury sustained by the putative parents of the foetal child through loss of the unborn infant’s potential earnings remains manifestly more vague and uncertain than the proof required in the suits for prenatal injury authorized by Woods v. Lancet. In such cases the plaintiff need only substantiate the claimed causal relationship between the physical injury apparent in the child and the tort committed while it was in the womb. The considerations of justice which militate in favor of a right of action to compensate a living child for its lack of health do not support a cause of action in behalf of the parents of a stillborn for their possible pecuniary loss. (Thornton & McNiece, 1955 Survey of New York Law, 30 N. Y. U. Law Rev. 1626; 1935 Report of N. Y. Law Rev. Comm., pp. 449, 474.) Of course, the pregnant mother may sue on any injury which she suffered in her own person. As recovery in death actions is limited to economic loss (Decedent Estate Law, § 132) the parents of the stillborn child could in no event be compensated for their severe emotional loss; nor does the law grant damages against the tort-feasor merely to punish him.”
*74 On the basis of these precedents, the court holds that public policy bars a suit for the wrongful death of an unborn child. Consequently there is no property warranting administration and, therefore, this application is accordingly denied.