STEVE L. ENDRESZ, as Administrator of the Estate of BABY BOY ENDRESZ, Deceased, Plaintiff, *v.* FRED FRIEDBERG et al., Defendants. (Action No. 1.)

STEVE L. ENDRESZ, as Administrator of the Estate of BABY GIRL ENDRESZ, Plaintiff, *v.* FRED FRIEDBERG et al., Defendants. (Action No. 2.)

JANICE ENDRESZ, Plaintiff, *v.* FRED FRIEDBERG et al., Defendants. (Action No. 3.)

STEVE L. ENDRESZ, Plaintiff, *v.* FRED FRIEDBERG et al., Defendants. (Action No. 4.)

Supreme Court, Onondaga County, November 29, 1966.

*John E. Shaffer* for plaintiffs. *Bond, Schoeneck & King* for Fred Friedberg and another, defendants. *Hancock, Ryan, Shove & Hust* for Joanne Salotto and another, defendants.

JAMES H. O'CONNOR, J. The instant motion involves four actions arising out of a motor vehicle accident which occurred December 27, 1965. At the time plaintiff, Janice Endresz, was a passenger in an automobile, owned by defendant, Jerome Heyman, and operated by defendant, Joanne Salotto, which collided with the automobile of defendant, Tanja Friedberg, and driven by defendant, Fred Friedberg. The first two actions are brought by Steve L. Endresz, husband of Janice Endresz, as administrator of the goods, chattels and credits of two viable foeti, one a male, and one a female, of which plaintiff, Janice Endresz, was pregnant at the time of the alleged accident. It is claimed that both of the foeti were quick and viable at the time of the accident and capable of living apart from the body of their mother at that time. Both of the foeti however, were stillborn. The defendants move by their respective attorneys to dismiss Action No. 1. and Action No. 2., pursuant to CPLR 3211 on the ground that said actions fail to state a cause of action.

Unfortunate though it is, it is the law of the State of New York that there does not exist an action for wrongful death for fatal

injury to a foetal child, due to the remote and speculative character of the damages. (*Butler* v. *Manhattan Ry. Co.*, 143 N. Y. 417.)

In the *Matter of Logan* (4 Misc 2d 283, affd. 2 A D 2d 842, affd. 3 N Y 2d 800) the court denied the issuance of letters of administration on the estate of a stillborn child in reliance on *Butler* v. *Manhattan Ry. Co.* (*supra*). In that case, as in the instant one, the plaintiff reasoned that if the law holds that a viable foetus is a person '' in esse '', to whom a tort-feasor owes a duty of care, an action consequently lies for the death of that person. The plaintiff seems to rely on *Woods* v. *Lancet* (303 N. Y. 349) which concerns an action by a child born alive for injuries suffered in the womb. The court said in *Matter of Logan* (4 Misc 2d 283, 285–286, *supra*) in answer to this rationalization:

'' This argument overlooks the fact that the precedents denying a death action on a stillbirth do not turn on whether the dead foetus was a being *in esse*. The force of Judge Andrews' reasoning in *Butler* v. *Manhattan Ry. Co.* (*supra*), remains unimpaired by the *Woods* case. Acknowledging that the wrongful death statute permits suits in behalf of parents to recover the financial loss attributable to the death of a very young child, he noted that it is extremely difficult to estimate damage in those cases, but that ' where the injury relates to the value of the life of a child cut off in infancy ' at least some facts can be definitely proved to aid in estimating damage. ' The age and sex of the infant may be proved, its mental and physical condition, its bodily strength, and generally whether there was the apparent promise of a continued or useful life, or the contrary.' [In the case of a stillborn infant, permitting suit would allow the jury] ' to estimate the pecuniary interest which a husband had in the chance that an embryo * * * would become a living child * * * if born alive, the infant might have been destitute of some faculty, or so physically infirm as to make it a helpless charge. There are no elements whatever upon which a jury could base any conclusion that a pecuniary injury has been suffered by the plaintiff from the loss of the unborn child * * * It is not in the interest of justice to extend the field of speculation in jury trials beyond its present limits.' (143 N. Y. 417, 421–422).

'' Petitioner has not indicated any manner in which the conceded advances of medical science would make the proof of damage discussed by Judge ANDREWS significantly less hypothetical and remote. Proof of the pecuniary injury sustained by the putative parents of the foetal child through loss of the unborn

infant's potential earnings remains manifestly more vague and uncertain than the proof required in the suits for prenatal injury authorized by *Woods* v. *Lancet*. In such cases the plaintiff need only substantiate the claimed causal relationship between the physical injury apparent in the child and the tort committed while it was in the womb. The considerations of justice which militate in favor of a right of action to compensate a living child for its lack of health do not support a cause of action in behalf of the parents of a stillborn for their possible pecuniary loss. (Thornton & McNiece, 1955 Survey of New York Law, 30 N. Y. U. Law Rev. 1626; 1935 Report of N. Y. Law Rev. Comm. pp. 449, 474.) Of course, the pregnant mother may sue on any injury which she suffered in her own person. As recovery in death actions is limited to economic loss (Decedent Estate Law, § 132) the parents of the stillborn child could in no event be compensated for their severe emotional loss; nor does the law grant damages against the tort-feasor merely to punish him.''

This same reasoning has also been followed in *Matter of " Baby Boy " Bradley* (50 Misc 2d 72). (See, also, *Matter of Irizarry,* 21 Misc 2d 1099.) This court is impressed with the learned arguments of the plaintiffs' attorney and the apparent inconsistencies throughout various statutes of the laws of the State of New York which define a person. Section 1041 of the Penal Law as applied to section 1050 of the Penal Law defines manslaughter in the first degree as being the willful killing of an unborn, quick child. Still, under the precedents stated above, this court is constrained to hold that no action exists for wrongful death in Action No. 1 and Action No. 2. Therefore, the complaints should be dismissed.

With regard to that part of the motion which seeks to dismiss the third and fourth causes of action of Actions No. 3 and No. 4, the same result must follow.

Parents of stillborn infants do not have a separate cause of action for the loss of care, comfort and companionship of said children. (1935 Report of N. Y. Law Rev. Comm., p. 474; *Witrak* v. *Nassau Elec. R. R. Co.,* 52 App. Div. 234.) The third and fourth causes of action set forth in Action No. 3 and Action No. 4 are dismissed, with leave, however, to plead over and assert any causes of action which might be had under the theory expostulated in *Ferrara* v. *Galluchio* (5 N Y 2d 16).