Joseph C. **ELLINGTON** et al.,
Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

No. 74–143–Orl–Civ–R.

United States District Court,
M. D. Florida,
Orlando Division.

Dec. 5, 1975.

Richard W. Bates, P. A., Orlando, Fla., for plaintiffs.

**1166**

Harrison T. Slaughter, Jr., Asst. U. S. Atty., Orlando, Fla., Ignazio J. Ruvolo, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION AND ORDER FOR JUDGMENT

REED, District Judge.

This negligence action was brought under the Federal Tort Claims Act by Joseph and Joyce Ellington on behalf of their daughter Tina Ellington. Joseph Ellington joined in the action individually to assert a derivative claim. Subject matter jurisdiction is based on 28 U.S.C. § 1346(b).

The claim of Tina Ellington is for her mental pain and suffering allegedly caused by the injuries to and death of her brother Anthony under circumstances hereafter recounted. Mr. Ellington claims individually a right to recover for expenses incurred and to be incurred for the care of Tina and for the loss of Tina's services and society.

The Court finds the following to be the pertinent facts. On 31 March 1972, an Air Force bomber crashed at approximately 11:00 A.M. near McCoy Air Force Base in Orange County, Florida, four hundred thirty feet, more or less, from the plaintiffs' residence. The cause of the crash is admitted by the defendant to have been negligence attributable to it.

Tina Ellington, who was a minor at the time this action was filed, was born on 19 May 1956. At the time of the crash she was slightly less than sixteen. She had a younger sister, Lisa, then fourteen, and an older sister, Joann, who was in her early twenties. Tina's brother Anthony was ten. Tina, Lisa and Anthony lived at their parents' residence.

At the time of the crash Tina and Lisa were in the parental home. When the impact occurred, Tina felt a mild temperature and pressure change and heard the explosion caused by the burning aircraft. Tina and Lisa went immediately from the interior of their house to the carport to look for their brother Anthony. Shortly thereafter Anthony appeared from behind the house badly burned by flames from the aircraft. As he came toward the carport, Tina could see that much of Anthony's clothing was burned off and that his remaining clothing was smoldering; his hair was singed, and he had large red blisters on his head, chest, arms and legs. Tina applied water to the boy's body and clothing. In so doing, Tina touched Anthony's clothes and sustained a minor burn to her hand. This burn healed within a few days without medication or residual scars. Anthony was hospitalized and died within several days of the accident as a result of his burns.

At the time of the event, Tina was a ninth grade student. Her grades and academic achievement were average or slightly below average in comparison to other students in the county school system. Tina completed the ninth grade and started high school in September of 1972. In March of 1973, she dropped out of high school after having skipped approximately seventy-five days of school during that academic year.

Tina then worked for six or seven months and attended an adult high school known as Mid-Florida Tech. She terminated this schooling only to resume it several months later for a brief period. At the time of trial, Tina was living in her parents' home unemployed and not in school. She testified that she has plans to marry a young man from North Carolina, although no date had been set.

Tina's older sister, Joann, quit school after the eleventh grade and married at age seventeen. Tina's younger sister quit school after the tenth grade and married at age sixteen.

Following the tragic death of her brother, Tina has experienced nightmares, trouble sleeping, and thinks frequently of the accident. She experiences fear in the dark and is bothered by small noises, as well as by the sound of

aircraft. Despite this experience, Tina is in good mental health, as testified to by the government's psychiatrist who concluded that Tina has no psychiatric impairment. At the instigation of Tina's family, Tina saw a psychologist who did not testify at trial. Her bill for $200.00 is, however, in evidence as plaintiffs' Exhibit 68. This represents the only expense for health care for Tina which has been provided by her father as a result of the accident.

Prior to the accident, Tina was a friendly and outgoing, although quiet, young lady. Subsequent to the accident, Tina became somewhat withdrawn from her peer group.

From the foregoing, the Court concludes: (1) Tina sustained no physical injury as a result of the crash, except the minor burn previously mentioned; (2) her failure to complete school is not proximately related to the accident, but rather to her own indifference to education; (3) Tina did experience mental anguish which was caused by her brother's injuries and death; and (4) Tina will permanently experience some degree of remorse over her brother's fate, but its severity will diminish with the passage of time.

Under Florida law, Joseph C. Ellington filed a prior action against the defendant. In this action he claimed a right to recover damages in his individual capacity and in his capacity as administrator of his son's estate, by reason of his son's death. Before the trial in the present case, Joseph Ellington's prior action was settled by the payment to him of substantial sums of money. See plaintiffs' Exhibits 66 and 67.

The issues presented by the pleadings and proof in the present case are: (1) what, if anything, is Joseph Ellington entitled to recover by reason of Tina's claim; and, (2) whether or not Tina may recover damages for her mental distress caused by the injuries to and death of her brother.

The first issue is quickly resolved in defendant's favor by reference to 28 U.S.C. § 2672. Under that statute, the settlement of Mr. Ellington's other claims bars recovery on his present claim which, at most, under the evidence in this case is limited to $200.-00—the amount of the psychologist's bill.

Tina's claim must be resolved under Florida law, *Williams v. United States*, C.A.5, 1965, 352 F.2d 477. Under the law of Florida, one may not recover for personal injuries caused by the simple negligence of another, unless such negligence proximately caused physical impact to the person of the claimant. *Stewart v. Gilliam*, Fla.App.1972, 271 So.2d 466; *Gilliam v. Stewart*, Fla.1974, 291 So.2d 593; accord, *de Saric v. Miami Caribe Investments Inc.*, C.A.5, 512 F.2d 1013, 1975. In the present case the bomber crash did not cause physical impact to Tina who was fortunately at a point some distance therefrom. Tina in aiding her brother did burn her hand. This event, however, was too remote in point of time, place and sequence to be considered a direct and thus proximate result of the collision. Compare *Courtney v. American Oil Company*, Fla.App. 1968, 220 So.2d 675, and *Concrete Construction Inc. of Lake Worth v. Petterson*, Fla.1968, 216 So.2d 221. Therefore, under the impact rule in effect in Florida, Tina may not recover for her mental distress.

Even if the burn to Tina's hand could be taken as satisfying the impact requirement, Florida law would still deny her recovery for her mental anguish because, under the evidence, her distress obviously was not caused by her injury, but that of her brother. In *Dunahoo v. Bess*, 146 Fla. 182, 200 So. 541, Fla.1941, the Florida Supreme Court announced a principle which denies recovery for mental anguish unconnected with physical injury to the claimant where the claim is founded on simple negligence. This principle was reaffirmed in the case of *Kirksey v. Jerni-*

**1168**

*gan,* Fla.1950, 45 So.2d 188. The rule in Florida is, thus, the same as that followed in Louisiana as illustrated by the case of *Smith v. Manchester Insurance & Indemnity Co.,* La.App., 299 So.2d 517, 524.

Under Florida statutory law in effect at the time of Anthony's death, the father of a minor child was entitled to recover in a wrongful death action for the parents' pain and suffering experienced as a result of the child's death. See Fla.Stat.1972, § 768.03. By a later statute, Fla.Stat.1973, § 768.21, (which applies to deaths occurring on and after 1 July 1972) the right to recover for mental pain and suffering by reason of another's death has been expanded, but not to the point of encompassing the claim made herein by Tina for her mental distress occasioned by the death of a brother.

For the foregoing reasons, neither Tina nor her father has established as a matter of fact or law a right to recover damages in the present action.

### ORDER

On the basis of the foregoing, the Clerk of this Court is directed to enter judgment for the defendant.