Gary P. SIMON, as personal representative of the Estate of Jessica Marie Pope, Deceased, and on Behalf of and for the Use and Benefit of Michele Pope and James Pope, as the surviving natural parents of Jessica Marie Pope, Deceased, Michele Pope, Individually, and James Pope, a derivative claimant, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 77–102–Civ–CA.

United States District Court,
S. D. Florida.

Sept. 14, 1977.

Finding of Fact and Conclusions of
Law Sept. 27, 1977.

David J. Halberg, P. J. Carroll & Associates, P. A., Miami, Fla., for plaintiffs.

Donald R. Boswell, Asst. U. S. Atty., Miami, Fla., for defendant.

ATKINS, Chief Judge.

### ORDER GRANTING MOTION TO DISMISS COUNTS, I, II & III

This action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, alleging medical malpractice by government hospital personnel at Homestead Air Force Base, Homestead, Florida, in connection with the pregnancy of plaintiff, Michele Pope, resulting in the stillbirth of her unborn child, Jessica Marie Pope.

The United States has moved to dismiss Counts I, II and III of the complaint, brought by the personal representative of the Estate of Jessica Marie Pope, on the ground that the Florida Wrongful Death Act, F.S. §§ 768.16 *et seq.* does not allow a

cause of action for the death of a stillborn fetus.

■ Liability of the United States under the Federal Tort Claims Act turns on whether a private individual would be liable in like circumstances under state law, in this case the law of Florida. 28 U.S.C. § 2674; *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Standefer v. United States*, 511 F.2d 101 (5th Cir. 1975). The law of Florida on this point is clear. In the recent case of *Stern v. Miller*, 348 So.2d 303 (Fla.1977), the Supreme Court of Florida determined that a stillborn fetus is not a "person" within the meaning of the Florida Wrongful Death Act; therefore, no cause of action for wrongful death exists in the stillborn child's personal representative.

■ As discussed in *Stern*, all jurisdictions now allow an action for wrongful death caused by prenatal injuries where the death occurs subsequent to a live birth, and a majority of states allow a cause of action where the child is stillborn as a result of the injuries. *See also* W. Prosser, *Torts* 335–338 (4th Ed. 1971). I am sympathetic to the compelling arguments in favor of recovery, and cognizant of the inequities inherent in allowing a tortfeasor who so severely injures a fetus that it dies before birth to escape the liability which would have been imposed had the child survived birth, however briefly. This Court, however, is not free to weigh these considerations but is bound to apply the law of Florida, as enunciated in *Stern*.[1]

■ The plaintiffs also argue that an unborn, viable child is a "person" under the Federal Constitution and, therefore, its exclusion from the Florida Wrongful Death Act violates equal protection and renders that statute unconstitutional.[2] Plaintiffs cited no cases in support of this proposition, choosing instead to rely on a general unsupported assertion that recent Supreme Court rulings on abortion recognize an unborn, viable child as a person. This argument is entirely without merit. It is patently clear that plaintiff has failed to read those decisions to which it alludes, in light of the express holding in *Roe v. Wade* that "the word 'person' as used in the Fourteenth Amendment does *not* include the unborn." 410 U.S. 113, 158, 93 S.Ct. 705, 729, 35 L.Ed.2d 147 (1973) [emphasis added].

■ Lastly, plaintiffs argue that the application of state law to actions brought

---

1. The *Stern* court recognized that a viable fetus, as was Jessica Marie Pope, "is a human being, capable of independent existence outside the womb; a human life is therefore destroyed when a viable fetus is killed; it is wholly irrational to allow liability to depend on whether death from fatal injuries occurs just before or just after birth; it is absurd to allow recovery for prenatal injuries unless they are so severe as to cause death; such a situation favors the wrongdoer who causes death over the one who merely causes injuries, and so enables the tortfeasor to foreclose his own liability." Nevertheless, through sophist reasoning, the Court in *Stern* held there was no right of action for the wrongful death of a stillborn fetus. It did so by finding that the Legislature was on notice of its 1968 holding in *Stokes v. Liberty Mutual Ins. Co.*, 213 So.2d 695 (Fla.1968), denying such right of action, when the present statute was enacted. Consequently, the Legislature's failure to define "person", in the subsequent legislation, to include a stillborn child, was an "implied" affirmation of the *Stokes* holding.

The *Stern* court reached this conclusion despite its recognition that the *Stokes* case was concerned with whether the stillborn child was a "minor child" within the meaning of the Wrongful Death of Minors Act, Fla.Stat. § 768.-03 (which the legislature repealed when it enacted the present act) and did not reach the issue of whether a viable, stillborn child was a "person". "We are here not called upon to determine whether the stillborn fetus is a 'person' under [the general wrongful death statute]." *Stokes*, supra at 698.

2. The Court fails to see how a determination that the Wrongful Death Act is unconstitutional would aid plaintiffs in sustaining these counts. A cause of action for wrongful death is a creature of statute, no such action having been recognized at common law. *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837 (5th Cir. 1976); *White v. Clayton*, 323 So.2d 573 (Fla.1975). Prior to the enactment of the present Wrongful Death Act, a stillborn child had no right of action in Florida. *Stokes v. Liberty Mutual Ins. Co.*, 213 So.2d 695 (Fla. 1968). Therefore, even if this Court were to hold the Wrongful Death Act, as construed by the Florida Supreme Court, to be unconstitutional, no cause of action for the wrongful death of a stillborn child would exist.

under the Federal Tort Claims Act denies them equal protection in that it inequitably deprives them recovery which could have been had if the alleged malpractice had occurred in another state. Here again, plaintiffs have been unable to cite any case in support of this argument, and it too must fail. The constitutionality of applying state law in wrongful death actions brought under the Federal Tort Claims Act was upheld in *Hess v. United States*, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960). The choice of law is not affected by the fact that the claim arose on federal property, such as a military installation, within a state. *Orr v. United States*, 486 F.2d 270 (5th Cir. 1973).

The Court having determined that Counts I, II and III of the complaint fail to state a claim upon which relief can be granted, said counts are hereby dismissed with prejudice.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE MERITS

This cause came before the Court for trial, non-jury, and the Court having heard the testimony introduced by the parties, reviewed exhibits introduced into evidence during the course of trial, and having heard the arguments of counsel, now makes the following findings of fact and conclusions of law:

### NATURE OF ACTION

Plaintiffs brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, alleging medical malpractice by government hospital personnel at Homestead Air Force Base, Homestead, Florida, in connection with the treatment of the pregnancy of plaintiff, Michele Pope, resulting in the stillbirth of her unborn child, Jessica Marie Pope.

### FINDINGS OF FACT

1. At the time of the acts giving rise to this action, the plaintiffs, Michele Pope and James Michael Pope, were husband and wife. James Pope was a serviceman in the United States Army, assigned to Homestead Air Force Base.

2. During the course of her pregnancy from January, 1975, to October 17, 1975, Michele Pope was under the exclusive care and treatment of the agents, servants and employees of defendant, United States of America, at Homestead Air Force Base.

3. It has been stipulated that the medical care and treatment rendered Michele Pope by government personnel at Homestead Air Force Base failed to meet the prevailing standard of care of the community, including

a) The giving of an unnecessary amniocentesis; and

b) Repeated failure to perform an oxytocin challenge test during the period from October 9 to October 17, 1975, to determine whether the fetus was in distress.

4. It has been further stipulated, based on a reasonable degree of medical probability, that had Michele Pope received proper care and treatment the baby would have been born alive.

5. At the time of her pregnancy Michele Pope was thirty-one years old. This was her first pregnancy. For several years prior to her pregnancy she had attempted to become pregnant but had been unable to conceive. She underwent medical treatment, including an operation, to assist her in becoming pregnant.

6. As a direct and proximate result of the negligence of the government personnel, Michele Pope underwent physical pain and suffering. In addition, she has suffered intense grief and mental anguish which is continuing in nature.

7. Plaintiff, James Pope, suffered loss of consortium and of his wife's companionship, from the time of the acts of malpractice to the time of his separation from his wife in February, 1976. James Pope suffered and continues to suffer grief and mental anguish as a result of the stillbirth of his child.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1346(b) and

the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

■ 2. Michele Pope is entitled to recover damages for her physical and mental pain and anguish occasioned by the malpractice upon her and by the stillbirth of her child. *See Stokes v. Liberty Mutual Insurance Company*, 213 So.2d 695 (Fla. 1968); *Occhipinti v. Rheem Manufacturing Co.*, 252 Miss. 172, 172 So.2d 186 (1965).

■ 3. Michele Pope is also entitled to recover damages for her mental pain and anguish resulting from the loss of her child. Although such recovery is generally not permitted, where, as here, the injury to the plaintiff resulting in the death of the child is inflicted by the malpractice of the physician called upon to treat the plaintiff's pregnancy, such recovery is permissible. *See Snow v. Allen*, 227 Ala. 615, 151 So. 469 (1933); *Smith v. Overby*, 30 Ga. 241 (1860); Annot. 145 A.L.R. 1104 (1943).

■ 4. Plaintiff, Michele Pope, is entitled to recover of and from the defendant the sum of Fifty Thousand Dollars ($50,-000.00), plus interest and costs.

■ 5. Under Florida law, James Michael Pope is not entitled to recover damages for his mental pain and suffering resulting from the defendant's malpractice upon his wife nor for that resulting from the death of his child, as he suffered no physical injury. *Ellington v. United States of America*, 404 F.Supp. 1165 (M.D.Fla. 1975).

■ 6. Plaintiff, James Michael Pope, is entitled to recover of and from the defendant the sum of Five Thousand Dollars ($5,000.00) plus interest and costs, for loss of consortium and companionship.