*817 OPINION OF THE COURT
Bentley Kassal, J.
The defendants in this action move to dismiss the complaint on a number of grounds encompassed within CPLR 3211.
FACTS
The action arises out of an abortion in which the infant was stillborn. A few hours before the birth, plaintiff had been appointed guardian ad litem to protect the interests of the unborn child. Several hours after the stillborn birth, plaintiff commenced an action. The complaint served at that time demanded relief of the same nature as that sought in the complaint which defendants now seek to dismiss. The original complaint was dismissed with leave to replead.
The present complaint seeks a declaratory judgment setting forth the rights and obligations of the parties under the statutes permitting abortions, preliminary and permanent injunctive relief enjoining defendants from violating said statutes, and for damages for the pain and suffering of the fetus before birth and for its wrongful death.
DECISION
Plaintiff’s causes of action for declaratory and injunctive relief are dismissed. Plaintiff was appointed guardian ad litem, over three years ago, to protect the interests of a specific unborn fetus, Baby Roe. Plaintiff lacks standing to represent Baby Roe, as guardian ad litem, because the fetus was stillborn and it is generally held that after the death of a ward, a guardian has no further authority except to account for the guardianship estate (Matter of Logan, 4 Misc 2d 283, affd 2 AD2d 842, affd 3 NY2d 800).
Plaintiff’s claim that her authority as guardian ad litem was continued after the stillbirth of Baby Roe because defendant’s cross motion to vacate the guardianship was denied by Justice Fine in 1975 (Ryan v Beth Israel Med. Center) is without merit since the court expressly declined to pass upon that portion of the cross motion inasmuch as it lacked jurisdiction in the case.
Similarly, plaintiff lacks standing to represent a class of unborn children, of more than 24 weeks gestation, because plaintiff no longer has authority to represent a member of that class. McRae v Mathews (421 F Supp 533, remanded on *818 other grounds sub nom. Califano v McRae, 433 US 916), wherein plaintiff was permitted to represent a class of unborn children as guardian ad litem, is distinguishable from the present proceeding because in McRae plaintiff relied upon representation of a class of unborn children for standing whereas in the instant proceeding plaintiffs standing rests upon her appointment as guardian ad litem for a specific unborn fetus who was stillborn before the action was commenced. Therefore, she has no standing to attempt to represent a class of unborn children of more than 24 weeks gestation.
In addition, there is no evidence of a justiciable controversy on which a declaratory judgment might be grounded (Matter of State Ind. Comm., 224 NY 13) nor any indication that there is a present danger of violation of the law which might support injunctive relief (Bradley v Waterfront Comm. of N. Y. Harbor, 30 Misc 2d 516).
ACTIONS FOR WRONGFUL DEATH AND PAIN AND SUFFERING
The causes of action for wrongful death and for damages for the pain and suffering of the unborn fetus are likewise dismissed. There is no right of recovery under the wrongful death statute (EPTL 5-4.1) by the personal representative of a stillborn fetus which dies as a result of injuries received while en ventre sa mere (Endresz v Friedberg, 24 NY2d 478). Some other jurisdictions permit a wrongful death action on behalf of a viable stillborn child (see, e.g., Mone v Greyhound Lines, 368 Mass 354; Chrisafogeorgis v Brandenberg, 55 Ill 2d 368; O’Neill v Morse, 385 Mich 130), New York law requires that the child be viable and born alive as conditions precedent to the commencement of such an action (Endresz v Friedberg, supra; Matter of Logan, 3 NY2d 800, supra; Woods v Lancet, 303 NY 349; Matter of Bradley, 50 Misc 2d 72; Byrn v New York City Health & Hosps. Corp., 31 NY2d 194).
The requirement that the fetus survive birth is likewise applicable to causes of action for its pain and suffering (Woods v Lancet, supra; Kelly v Gregory, 282 App Div 542). Neither the State nor Federal Constitutions confer or require legal personality for the unborn (Byrn v New York City Health & Hosps. Corp., supra; Abele v Markle, 351 F Supp 224; Roe v Wade, 410 US 113).
Accordingly, plaintiffs complaint is dismissed in its entirety.