390 So.2d 357 (1980)
Antonio V. HERNANDEZ, Petitioner,
v.
Elizabeth GARWOOD, Etc. et al., Respondents.
FORT PIERCE MEMORIAL HOSPITAL, Petitioner,
v.
Elizabeth GARWOOD, Etc. et al., Respondents.
Nos. 58897, 58898.
Supreme Court of Florida.
November 13, 1980.
*358 Carl D. Motes of Maguire, Voorhis & Wells, Orlando, for Hernandez, and George H. Moss and Marjorie D. Gadarian of Jones, Foster & Moss, Vero Beach, for Fort Pierce Memorial Hospital.
Larry Klein, West Palm Beach, and the Law Offices of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for respondents.
ENGLAND, Justice.
We are here asked to review an extraordinary trial court order which found (1) that Florida's wrongful death statute[1] violates the equal protection clause of the United States Constitution[2] and the access to court provision of the Florida Constitution,[3] (2) that Florida's medical mediation statute[4] is unconstitutional as applied to panel decisions entered before the statute was held unconstitutional, and (3) that the legislature's two year statutes of limitations for medical malpractice[5] and wrongful death[6] are "unconstitutionally too short." This order denied motions to dismiss a medical malpractice lawsuit brought against two doctors and a hospital by Elizabeth Garwood as a result of the death of her stillborn child.[7]
There is little to be said in support of the trial court's order, and there is no basis in law to sustain Garwood's attempt to maintain a cause of action for the wrongful death of a stillborn fetus.
(1) With regard to the question of whether a cause of action can be maintained for the death of a stillborn fetus, we quite recently held that no such cause of action exists under Florida's Wrongful Death Act. Duncan v. Flynn, 358 So.2d 178 (Fla. 1978); Stern v. Miller, 348 So.2d 303 (Fla. 1977). In an attempt to maintain her lawsuit nonetheless, Garwood charts a course between the Scylla of these decisions and the Charybdis of the trial court's invalidation of the statute (for Garwood properly concedes that there is no basis for a wrongful death suit outside the wrongful death statute[8]). Garwood argues, essentially, that we should construe the wrongful death statute exactly opposite to the way we construed it in Duncan and Stern, and thereby overcome its constitutional infirmities.
*359 No legislative alteration of the statute has taken place since we announced our understanding of what the legislature said and meant when the statute was passed. We decline to reconsider our earlier analysis. Moreover, we reject the trial court's analysis on both constitutional issues. The statute in no way violates the equal protection clause of the United States Constitution, see Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (the word "person" as used in the fourteenth amendment does not include the unborn), and our previous decisions in Stern and Duncan negate the trial court's invalidation of the statute as a denial of access to the courts.
(2) With regard to the trial court's finding that Florida's medical mediation statute is unconstitutional as to claims filed before we declared it unconstitutional, we need only reiterate what we said before. When we struck down the medical mediation statute earlier this year in Aldana v. Holub, 381 So.2d 231 (Fla. 1980), we made it abundantly clear that our determination of invalidity was prospective, and that prior claims falling within the statute were not affected. Before Aldana, Garwood had submitted her personal claim against Fort Pierce Memorial Hospital to a panel which found that the hospital was not negligent. Our ruling in Aldana left that prior written decision of the medical mediation panel intact, so that the hospital is entitled to have the panel finding admitted into evidence in a subsequent trial, should one be necessary.
Garwood submitted another negligence claim against Dr. Hernandez after the panel hearing on her claim against Fort Pierce Memorial Hospital had terminated, and over two years after the alleged act of malpractice. Hernandez here contends the panel's jurisdiction terminated because no hearing was held within the required 120 days.[9] As this contention raises unresolved questions of fact, we remand this issue to the trial court for any further proceedings that may be necessary.
(3) We find nothing to support or commend the trial court's finding that two years is "unconstitutionally too short" for a claim such as this. We note that Garwood's counsel did not request this ruling, and that he now disavows it. Because there has been no opportunity to develop facts which would determine the applicability of a statute of limitations on Garwood's personal claims,[10] we also remand this issue to the trial court for appropriate further proceedings.
One further matter must be mentioned. The trial judge in this case expressed strong dissatisfaction with prior decisions of this Court and ruled contrary to them, basically on the ground that he took an oath to uphold the constitution as he construes it. He is wrong in asserting his personal construction of the law in the face of authoritative determinations to the contrary by this Court, and his exercise in judicial independence has cost these litigants and the judicial system considerable time and money which should not have been expended. A trial judge may well be free to express his personal disagreement with the decisions of higher courts in some forums, but he is not free to disregard them in the exercise of his judicial duties. See State ex rel. Hawkins v. Board of Control, 93 So.2d 354 (Fla.), cert. denied, 355 U.S. 839, 78 S.Ct. 20, 2 L.Ed.2d 49 (1957) (Thomas, J., dissenting; Drew, J., dissenting). We assume that this admonition is sufficient to inform the trial judge that he is not, despite his best intentions, a law unto himself.[11]
*360 The order of the trial court is quashed and this case is remanded for further proceedings on Garwood's personal claims.
SUNDBERG, C.J., BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., concurs in result only.
ADKINS, J., dissents.
NOTES
[1] §§ 768.16- .27, Fla. Stat. (1976 Supp.).
[2] U.S.Const., amend. XIV, § 1.
[3] Art. I, § 21, Fla. Const. (1976).
[4] § 768.44, Fla. Stat. (1976 Supp.).
[5] § 95.11(4)(b), Fla. Stat. (1976 Supp.).
[6] § 95.11(4)(d), Fla. Stat. (1976 Supp.).
[7] Our jurisdiction was invoked under Art. V, § 3(b)(3), Fla. Const. (1972).
[8] Stern v. Miller, Fla., 348 So.2d 303, 304-05 (1977).
[9] Rule 20.190(b), Fla.R.Med.P. (1978). But see Green v. Broward Gen. Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978) (claimant entitled to pursue cause of action in circuit court for medical malpractice although jurisdiction of mediation panel terminated).
[10] See Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980); Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979).
[11] judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence.
B.N. Cardozo, The Nature of the Judicial Process 141 (1921).