411 So.2d 958 (1982)
DOCTORS HOSPITAL OF LAKE WORTH and Corporate Group Service, Inc., Appellants,
v.
Faye ROBINSON, Appellee.
No. AD-386.
District Court of Appeal of Florida, First District.
March 29, 1982.
Harry D. Robinson, West Palm Beach, for appellants.
J.J. Goodmark of Goodmark & Goodmark, West Palm Beach, for appellee.
McCORD, Judge.
This is an appeal from a workers' compensation order awarding to claimant Faye Robinson reimbursement for child care expenses. § 440.13, Fla. Stat. (1977). In view of the unusual nature of this order and the lack of any clear precedential guidance, we find it appropriate to discuss the evidentiary basis of the award.
On October 19, 1978, Robinson suffered a compensable injury to her lower back while attempting to lift a patient at work. Since that time, she has been treated by several physicians, including Dr. Hayslip, a neurosurgeon, who diagnosed her condition as a bulging disc in the spine and nerve root involvement of both the right leg and left arm. Among other things, Dr. Hayslip recommended that Robinson avoid lifting her four-year-old daughter, weighing forty-four pounds, and avoid repetitious bending. Lying in traction was also deemed to be an appropriate therapeutic mode of treatment.
Robinson eventually came under the care of Dr. Blackman, a psychiatrist, for emotional problems that arose as a result of the compensable accident. Blackman diagnosed Robinson as having moderate to severe depressive neurosis, which is manifested by back pain, headaches, and weight gain. This condition is exacerbated by various stressful situations in which Robinson routinely finds herself. One of these stressful situations is presented by the necessity to take care of the needs of her daughter. She testified that her physical condition, including back pain and the necessity to be in traction for six to eight hours a day, caused her to be unable to take care of the needs of her daughter. This inability to meet the normal demands of her child has caused her to become much more nervous and frustrated. Dr. Blackman agreed that Robinson's continued care for her daughter was a major stress in her life. Thus, he concluded that it would be medically beneficial for the child to be in nursery school in that the removal of the child from the home *959 for several hours per day would lessen the frustrations felt by appellee. This, in turn, would aid in the treatment of her psychiatric condition and facilitate her return to active and fruitful employment.
In light of this factual predicate, we find no error in the deputy's conclusion that it was medically necessary for Robinson's daughter to be placed in a nursery school in order to aid her medical recovery and progress and to assess those nursery school expenses against the employer/carrier as a required medical benefit. In reaching this conclusion, we caution against anyone's misconstruing this opinion as an acceptance of the medical necessity of child care in cases involving circumstances less extreme than those specifically presented here.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and BOOTH, J., concur.