426 So.2d 1144 (1983)
Ernestine STYLES, Appellant,
v.
Y.D. TAXI CORP., INC., Appellee.
Nos. 81-756, 81-809.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Yanks & Turner, Miami, for appellant.
Avrach & Capps and Peter C. Clemente, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON and WOODROW M. MELVIN, (Ret.), Associate Judge.
PER CURIAM.
The trial court entered judgment for the defendant, notwithstanding a jury verdict for the plaintiff, Styles. The court's order on the defendant's motion for entry of judgment reads, in pertinent part:
"The Plaintiff was a passenger in a taxicab owned by the Defendant company. As a result of an accident of the vehicle in which the Plaintiff was riding, the Plaintiff who was pregnant at the time suffered a miscarriage.[[1]] Liability was admitted. The pivotal legal question is whether the Plaintiff submitted sufficient evidence under Fla. Stat. 627.737(2) to show that she suffered as alleged:
"`(a) Significant and permanent loss of an important bodily function.
"(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.'
"The Plaintiff relies on the fact there was some evidence of `permanent injury' by proof of the loss of a fetus. The Defendant conversely argues there was no evidence of damages sufficient to meet the threshold requirement of Fla. Stat. 672.737 [sic: should read 627.737] by proof of the death of a fetus. The Plaintiff's expert did not testify that the loss of the fetus caused either the loss of an important bodily function or caused the Plaintiff any permanent injury within ... any degree of medical probability. The Plaintiff admits there was no such testimony but claims that such evidence *1145 would have been `useless' as it is obvious by the loss of a fetus a `permanent injury' was suffered by the Plaintiff.
"Section 627.737 is a statutory limitation on an injured party's common law right of action in tort. As such, it must be strictly construed to conform the statute as nearly as possible to the common law. The common law as adopted by Florida did not provide a remedy for the torturous [sic: should read tortious] killing of a human being, adult or child. The loss of a fetus is not covered by the Florida Wrongful Death Statute, Stern v. Miller, 348 So.2d 303 (Fla. 1977). If a could-be [sic: should read would-be] mother cannot recover directly for the death of an unborn fetus, it would appear that she should not be able to recover indirectly for such death as a `permanent injury' to her absent a showing of some objective signs of injury resulting from the loss of the fetus.[[2]] See: Snowden v. Sprouse, 375 So.2d 901 (1st DCA Fla. 1979). In short, a strict construction of Fla. Stat. 627.37(2) [627.737(2)] requires some evidence, either by expert testimony or by the Plaintiff herself that she suffered some `permanent injury' other than proof of a miscarriage."
We agree with the trial court and affirm the judgment under review.
Affirmed.
NOTES
[1] The evidence supporting this finding of causation is minimal. The plaintiff suffered no physical trauma to the abdomen in the accident. She had, several years before the accident, miscarried at around the same time (five months) of her pregnancy. By all accounts, one cause of these miscarriages was that the plaintiff had an incompetent cervix.
[2] After this miscarriage, the plaintiff had a successful pregnancy, the cervix being sutured at an early stage, which resulted in the birth of a daughter.