515 So.2d 269 (1987)
Fatimeh T. ABDELAZIZ, a/k/a Tina Aziz, Individually and As Survivor of Baby Boy Abdelaziz, Deceased, and Illian Abdelaziz, Her Husband and As Survivor of Baby Boy Abdelaziz, Appellants,
v.
A.M.I.S.U.B. OF FLORIDA, Inc., d/b/a Southeastern Medical Center, Dr. Alan Altman and Barry Feingold, P.A., Appellees.
Nos. 86-1128, 86-1512, 86-1984 and 86-2448.
District Court of Appeal of Florida, Third District.
October 13, 1987.
Rehearing Denied November 25, 1987.
*270 Weaver, Weaver, Lardin & Liroff and Thomas D. Lardin (Ft. Lauderdale), for appellants.
Gaebe and Murphy; James C. Blecke and Susan S. Lerner; Womack, Lombana & Bass, for appellees.
Before HUBBART and FERGUSON and JORGENSON, JJ.
HUBBART, Judge.
This is an appeal by the plaintiffs from adverse final summary judgments entered below in a medical malpractice action involving claims for (1) wrongful death, (2) medical malpractice, and (3) punitive damages, arising from the stillbirth of the female plaintiff's viable fetus; the plaintiffs also appeal from certain attorney's fee orders entered thereafter in favor of the defendant health care providers. For the reasons which follow, we affirm in part and reverse in part.

I
The relevant facts of this case are as follows. In October 1983, the plaintiff Fatimeh T. Abdelaziz and her husband Illian Abdelaziz filed a complaint, which was subsequently amended, against the defendant health care providers A.M.I.S.U.B. of Florida, Inc. d/b/a Southeastern Medical Center [hereinafter "hospital"], Dr. Alan Altman, and Barry Feingold, P.A., as well as other defendants who are not parties to this appeal. The action was filed in the Circuit Court of the Eleventh Judicial Circuit of Florida where all proceedings relevant to this cause took place.
The first amended complaint attempted in part to plead a cause of action against each defendant for the wrongful death of Mrs. Abdelaziz' stillborn fetus allegedly caused by the defendants' malpractice. Specifically, it was alleged that on February 4, 1982, Mrs. Abdelaziz, who was eight months pregnant and in labor, was involved in an automobile accident while on her way to the hospital to deliver her baby; that she was taken to the emergency room of the defendant hospital and treated by the defendant Dr. Altman; and that because of Dr. Altman's negligent treatment, Mrs. Abdelaziz' viable eight-month-old fetus died in utero and was stillborn. Upon proper motions, the trial court dismissed the wrongful death counts of the complaint for failure to state a cause of action.
*271 The plaintiffs were then permitted to file a second amended complaint in which they attempted to plead causes of action against each defendant, based on the same essential facts pled in the prior amended complaint, for Mrs. Abdelaziz' alleged physical and mental injuries and associated damages. Specifically, it was alleged that Mrs. Abdelaziz suffered physical injuries and emotional distress because of the stillbirth of her once viable eight-month-old fetus allegedly caused by defendant Dr. Altman's medical malpractice. Upon proper motions, the trial court struck all claims for mental pain and suffering allegedly caused by the loss of the fetus based upon the alleged malpractice. It was later conceded by the plaintiffs that Mrs. Abdelaziz sustained no physical injuries to herself from the alleged malpractice, and that their sole claim was for mental pain and suffering occasioned by the loss of the fetus.
Finally, the plaintiffs sought leave to file a third amended complaint in which the same essential facts were pled as in the previous two complaints, only this time the plaintiffs made a claim for punitive damages. This new claim was based on the defendants' alleged reckless decision to retain Mrs. Abdelaziz without proper treatment until a transfer to Jackson Memorial Hospital could be arranged because she and her husband had no insurance or financial ability to pay for treatment at the defendant hospital. Mrs. Abdelaziz' unborn viable fetus allegedly died during this ensuing delay and was later stillborn at Jackson Memorial Hospital. As in the prior amended complaint, the plaintiffs' sole claim here was for mental pain and suffering occasioned by the loss of the fetus. The trial court denied the plaintiffs' request to file this amended complaint on the ground that it failed to state a cause of action.
The trial court thereafter entered final summary judgment in favor of the defendants and assessed attorney's fees against the plaintiffs and in favor of the defendants hospital and Feingold, P.A., pursuant to Section 768.56, Florida Statutes (1983). The plaintiffs appeal.

II
The plaintiffs raise four central points on appeal. First, the plaintiffs urge that they have a valid wrongful death claim for the death of the eight-month-old fetus as pled in the first amended complaint, and that, accordingly, the trial court erred in dismissing the relevant wrongful death counts of that complaint and entering adverse summary judgments thereon. Second, the plaintiffs urge that they have a valid claim for what is, in essence, negligent infliction of mental distress through medical malpractice based on the death of the same fetus as pled in the second amended complaint, and that, accordingly, the trial court erred in dismissing this amended complaint and entering an adverse summary judgment thereon. Third, the plaintiffs urge that they have a valid claim for punitive damages for mental distress occasioned by the death of the fetus based on the alleged outrageous conduct pled in the proposed third amended complaint, and that the trial court erred in denying them leave to file this complaint. The defendants, on the other hand, urge that none of these complaints state a cause of action under the laws of the state of Florida, and that the trial court's rulings thereon should be affirmed in all respects. Finally, the plaintiffs contend that the attorney's fee awards were erroneously entered against them.

A
We have no trouble in summarily rejecting the plaintiffs' first point on appeal. The law in Florida is well settled that a wrongful death claim, as here, does not lie for the wrongful death of a fetus, regardless of viability, under Section 768.19, Florida Statutes (1983), because a fetus is not a "person" under the above statute. Hernandez v. Garwood, 390 So.2d 357 (Fla. 1980); Duncan v. Flynn, 358 So.2d 178 (Fla. 1978); Stern v. Miller, 348 So.2d 303 (Fla. 1977).

B
The plaintiffs' second point on appeal is not so easily disposed of, but, in *272 balance, we must reject it because the claim for negligent infliction of mental distress through medical malpractice asserted in the second amended complaint is, in essence, a claim for the wrongful death of the fetus and the plaintiffs' mental suffering associated therewith. Such a claim is clearly not cognizable under the wrongful death statute, and should not, we conclude, be indirectly recoverable under a simple negligence claim as alleged in the second amended complaint. See Styles v. Y.D. Taxi Corp., 426 So.2d 1144 (Fla. 3d DCA 1983). Indeed, to reach a contrary conclusion would directly conflict with the result we reached in Molleda v. Fandino, 506 So.2d 61 (Fla. 3d DCA 1987), a per curiam decision of this court based on virtually identical negligence claims as those presented in the instant case.

C
The plaintiffs' third point on appeal must also be rejected because the proposed third amended complaint, like the second amended complaint, is a thinly-disguised claim for the wrongful death of the fetus and the plaintiffs' mental suffering associated therewith. Only this time the plaintiffs claim that the defendants' malpractice conduct is reckless in nature meriting punitive damages. The essence of the claim remains, however, a wrongful death claim, albeit based on an aggravated form of medical malpractice which claim is not cognizable under Florida law in any form. The trial court, therefore, committed no error in denying the plaintiffs' request to file this amended complaint as it failed to state a cause of action.

D
The plaintiffs' final point on appeal, however, has merit and, accordingly, we reverse the attorney's fee awards entered against the plaintiffs. We reach this result because, simply put, the plaintiffs in this case are insolvent and poverty-stricken, and this condition specifically precludes such an award against them under Section 768.56, Florida Statutes (1983) ("[A]ttorney's fees shall not be awarded against a party who is insolvent or poverty-stricken.").

III
For the above-stated reasons, we affirm the final summary judgments under review, but reverse the attorney's fee awards under review.
Affirmed in part; reversed in part.