534 So.2d 847 (1988)
Ronalda SINGLETON, et al., Appellants,
v.
David O. RANZ, M.D., et al., Appellees.
No. 88-823.
District Court of Appeal of Florida, Fifth District.
December 1, 1988.
James C. Blecke, Miami, for appellants.
D. Andrew DeBevoise of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee Ranz.
William C. Blake, Jr., of Blake & Associates, P.A., Tampa, for appellee Emergency Dept. Physicians of Florida, P.A.
COWART, Judge.
An unborn fetus is either a new and separate human being or "person," temporarily residing within the womb of the host mother, OR it is a part of the mother's body, OR both. The Florida Supreme Court has held that, in legal contemplation, an unborn fetus is not a person for the wrongful death of whom a tortfeasor is liable to its survivors for damages under *848 the Wrongful Death Act (§ 768.19, Fla. Stat.);[1] therefore, it is living tissue of the body of the mother for the negligent or intentional tortious injury to which the mother has a legal cause of action the same as she has for a wrongful injury to any other part of her body.[2] The complaint in this case alleges that cause of action[3] and it cannot be ruled as a matter of law that the injury she alleges is without legal damages.[4] There are genuine issues of fact as to whether or not the defendant doctor was guilty of medical negligence, whether any such negligence caused or contributed to bodily injury to the plaintiff woman and the damages, if any, resulting to her and her husband as a result of any such bodily injuries to her. Accordingly, the summary judgment in favor of the defendants is reversed.
REVERSED and REMANDED.
DANIEL, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially.
I agree the summary judgment should be reversed because it was sufficiently established that the appellant suffered injury directly to her body and other resultant injuries and damages. There is an issue of fact regarding appellees' having caused the injuries. No specific ruling was made by the trial court regarding the question whether a mother can seek damages for her physical and emotional injuries suffered as a result of having to carry and deliver a stillborn child. See Abdelaziz v. A.M.I.S.U.B. of Florida, Inc., 515 So.2d 269 (Fla. 3d DCA 1987). Because the order is nonspecific and because various injuries are alleged I am not prepared at this time to say which injuries can form the basis for a legal action, and which cannot.
NOTES
[1] Hernandez v. Garwood, 390 So.2d 357 (Fla. 1980); Duncan v. Flynn, 358 So.2d 178 (Fla. 1978) and Stern v. Miller, 348 So.2d 303 (Fla. 1977).
[2] Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695, 700 (Fla. 1968); Simon v. United States, 438 F. Supp. 759 (S.D.Fla. 1977); Occhipinti v. Rheem Manufacturing Co., 252 Miss. 172, 172 So.2d 186 (1965); Snow v. Allen, 227 Ala. 615, 151 So. 468 (1933); Smith v. Overby, 30 Ga. 241 (1860); Modaber v. Kelley, 232 Va. 60, 348 S.E.2d 233 (1986); Johnson v. Superior Court of Los Angeles County, 123 Cal. App.3d 1002, 177 Cal. Rptr. 63 (1981); Graf v. Taggert, 43 N.J. 303, 204 A.2d 140 (1964); Amadio v. Levin, 509 Pa. 199, 501 A.2d 1085 (1985); Ledford v. Martin, 87 N.C. App. 88, 359 S.E.2d 505, rev. denied, 321 N.C. 473, 365 S.E.2d 1 (1988).
[3] This case is distinguished from Abdelaziz v. A.M.I.S.U.B. of Florida, Inc., 515 So.2d 269 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 876 (Fla. 1988), because in that case the plaintiff mother conceded that she sustained no physical injuries to herself and attempted to allege a claim for the negligent infliction of mental distress resulting from the wrongful death of her fetus which the appellate court there found was, in substance, merely an attempt to circumvent existing case law holding that the Wrongful Death Statute does not provide for recovery of damages for loss of a stillborn fetus. See also Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695, 700 (Fla. 1968).
[4] Injuria absque damno.