## GENOVESE v PATTEN, et al.

### Case No. 88-30981-CA-25

Eleventh Judicial Circuit, Dade County

March 17, 1989

**APPEARANCES OF COUNSEL**

**Mark Kamilar,** for plaintiffs.

**Jerome Levenstein,** and **Steven R. Adamsky,** for defendants.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

*ORDER ON DEFENDANTS' MOTION IN LIMINE*

THIS CAUSE having come on to be heard on February 16, 1989 at 8:00 A.M upon Defendants' Motion in Limine to exclude evidence at trial concerning Plaintiffs' mental anguish and mental pain and suffering and the Court having heard argument of counsel, reviewed the file herein and being otherwise fully advised in the premises, would show as follows:

## FACTUAL BACKGROUND:

This action arises out of an automobile accident which occurred on July 21, 1987 when a motor vehicle owned by Defendant, ENTERPRISE LEASING COMPANY, and driven with its permission by Defendant, BEATRIZ PATTEN, allegedly ran a flashing red light and failed to yield the right of way, striking a vehicle owned and operated by Plaintiff, LINDA GENOVESE. Plaintiff further alleges by and through her experts that she sustained herniation of a disk, aggravation of a previously existing spinal fracture, medically indicated termination of pregnancy because of contra-indicated procedures and medications and treatment of her back condition, post traumatic stress disorder, reactive depression and adjustment reaction to marital stress. Defendants have stipulated that "the Plaintiff, LINDA GENOVESE, can recover for the physical injury to her body as a result of the termination of pregnancy if she proves liability" and "that she can recover for her mental distress in having to go through the termination of the pregnancy procedure." Defendants, however, submits that Plaintiff cannot recover for any emotional distress caused by the loss of the unborn fetus on the basis of *Abdelaziz v A.M.I.S.U.B. of Florida,* 515 So.2d 269 (Fla. 3DCA 1987). Plaintiffs, on the other hand, contend first that such damages are directly recoverable under Florida law and second, are recoverable indirectly where they cannot be apportioned or separated from other injuries sustained.

## RULING:

It is hereupon Ordered and Adjudged by this Court that Defendants' Motion in Limine is denied. In *Stokes v Liberty Mutual,* 213 So.2d 695 (Fla. 1968), the Florida Supreme Court found no claim for the loss of a fetus under the Wrongful Death Statute, but held there was no bar to "an action by the mother for the personal injuries suffered by her." *Stokes* at 670. Such claims were also upheld by the Southern District of Florida in *Simons v United States,* 438 F.Supp. 759 (S.D. Fla. 1977) and the Second District Court of Appeal in *Plant v Decker,* 486 So.2d 37 (Fla. 2DCA 1986).

In *Styles v Y.D. Taxi Corp.,* 426 So.2d 1144 (Fla. 3DCA 1983), the Third District disallowed a claim for the loss of a fetus in an automobile accident, but indicated a different result where there was "some evidence either by expert testimony or by the Plaintiff herself that she suffered some 'permanent injury' other than proof of a miscarriage." *Styles* at 1145. In *Abdelaziz v A.M.I.S.U.B.,* 515 So.2d 269 (Fla. 3DCA 1987), the Third District again denied a claim, this time in the medical malpractice context where no other physical injuries were present, but cited with approval to *Styles v Y.D. Taxi*

70

*Corp., supra.* The *Abdelaziz* finding was further distinguished in the most recent case of *Singleton v Rantz,* 534 So.2d 847 (Fla. 5DCA 1988), which upheld a legal cause of action for the loss of a fetus "to which the mother has a legal cause of action the same as she has for the wrongful injury to any other part of her body." *Singleton* at 848. There the Fifth District Court of Appeal further distinguished *Abdelaziz* noting that the mother had no other physical injury and as an attempt to allege a claim for the negligent infliction of mental distress. This Court therefore finds *Abdelaziz* is not controlling where other evidence of permanent physical injury is present.

The Court further finds that the emotional injuries sustained by the loss of a fetus might also be recoverable where they occur in conjunction with other injuries where they cannot be apportioned or separated in producing an indivisible psychological injury. Florida Standard Jury Instruction 5.1(b); *Hamblen v Owens,* 172 So. 694 (Fla. 1937); *Goodman v Becker,* 430 So.2d 560 (Fla. 3DCA 1983); *Marrero v Salkind,* 433 So.2d 1224 (Fla. 3DCA 1983).

Defendants' Motion is therefore DENIED.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, on this 17th day of March, 1989.