545 So.2d 486 (1989)
Mary Alice HENDERSON and Jerome M. Henderson, Appellants,
v.
A.W. NORTH, M.D., and Port St. Joe Municipal Hospital, Inc., Appellees.
No. 88-2557.
District Court of Appeal of Florida, First District.
June 22, 1989.
*487 Daniel S. Dearing, Tallahassee, for appellants.
Richard Smoak, of Sale, Smoak, Harrison, Sale, McCloy & Thompson, Chtd., Panama City, for appellee Dr. North.
Gregory F. Reis, of Adams, Hill, Fulford & Morgan, Orlando, for appellee Hospital.
THOMPSON, Judge.
Appellants, husband and wife, appeal a final summary judgment in favor of the appellees. They contend the trial court erred in granting the summary judgments on the issues of medical malpractice and negligence on the ground that the complaint was a thinly disguised claim for the wrongful death of a fetus. We affirm in part, reverse in part and remand for further proceedings.
On August 8, 1980 Mrs. Henderson was given an examination and pregnancy test by Dr. North. Dr. North determined that Mrs. Henderson was approximately seven weeks pregnant and made another appointment for her on September 8, 1980. On September 2, 1980 Mrs. Henderson was contacted and informed that her PAP smear results showed a condition known as Class III, indicating the presence of a tumor in the womb. That same day Mrs. Henderson returned to Dr. North's office where he explained that a biopsy would be necessary in order to determine whether the growth was malignant or benign. Mrs. Henderson was to check into the hospital on September 8, 1980 and the operation would be performed the following day. She was assured by Dr. North that the procedure was best performed during the early stages of the pregnancy, and that it would not harm the unborn baby. The biopsy procedure would involve the scraping of the womb in order to take tissue to be sent to a laboratory for further examination.
Mrs. Henderson sought a second opinion from Dr. James DeRuiter on September 4, 1980. The following day Dr. DeRuiter telephoned Mrs. Henderson and told her the result was Class I, indicating no tumor, and that he advised against the biopsy. Mrs. Henderson returned to Dr. North who explained that Dr. DeRuiter probably extracted good tissue and that it would still be necessary to perform the biopsy. She was admitted to the hospital on September 8, 1980 as previously planned. The biopsy procedure was performed on September 9 and she was discharged on September 11, 1980, with a postoperative checkup scheduled for October 6, 1980. The biopsy results were received on September 17, 1980 at which time Mrs. Henderson was informed that the tumor was benign and told not to worry.
On September 22, 1980, Mrs. Henderson, during a bowel movement, miscarried and discharged the fetus. Dr. North told her to wrap the fetus, still attached to the umbilical cord, in a towel and to immediately meet him at the hospital. Dr. North announced that the baby was stillborn and that a curettage needed to be performed in order to remove the afterbirth. On November 21, 1980 the Hendersons filed a complaint against Dr. North and Port St. Joe Municipal Hospital alleging medical malpractice and negligence. The appellees moved for summary judgment on the basis that the complaint alleges damages as a result of the wrongful death of an unborn fetus and that such action is not cognizable under Florida law. On July 8 and August 25, 1988, final summary judgments were entered for the hospital and Dr. North respectively on the basis that the complaint was "a thinly disguised claim for a wrongful death of a fetus and plaintiffs' mental suffering associated therewith."
The complaint contains four counts. The first count alleges that Dr. North negligently made an erroneous diagnosis and subjected Mrs. Henderson to physical pain, *488 mental anguish, and expense of hospitalization, admission tests, and unnecessary surgical procedures. The second count alleges that the negligent erroneous diagnosis and unnecessary surgical procedure resulted in the termination of an otherwise normal pregnancy, thereby resulting in the death of her unborn child and causing her severe mental anguish, emotional distress, physical pain and suffering. The third count alleges that the defendant hospital was negligent, resulting in the death of plaintiffs' unborn baby and in great physical, emotional and mental pain and suffering by Mrs. Henderson and Mr. Henderson. The fourth count is a claim by Mr. Henderson for loss of consortium and for medical expenses.
We affirm the summary judgment in favor of the hospital on Counts III and IV of the complaint. The trial judge correctly found that Count III was a thinly disguised claim for the wrongful death of the fetus and plaintiffs' mental pain and suffering associated therewith and granted final summary judgment as Florida does not recognize a cause of action for the wrongful death of the fetus. We affirm the summary judgment in favor of Dr. North on Count II for the same reason. Abdelaziz v. A.M.I.S.U.B. of Florida, Inc., 515 So.2d 269 (Fla. 3d DCA 1987).
We reverse the summary judgment in favor of Dr. North as to Counts I and IV. Count I alleges that as a result of the negligent erroneous diagnosis Mrs. Henderson was subjected to physical pain, mental anguish and expense of hospitalization, admission tests and surgical procedures. There is no claim for any injury or damage resulting from the death of the fetus in Count I. As the husband claims medical expenses in Count IV the claim for medical expenses in Count I are not properly an element of damages in that count.
In the further proceedings it is directed that there shall be no allegations or evidence adduced as to the death of the fetus or any injury or damages claimed by Mr. or Mrs. Henderson for the death of the fetus The injuries and damages claimed by Mrs. Henderson in Count I are restricted to her claim for physical pain and mental anguish allegedly caused by Dr. North's erroneous diagnosis.
The summary judgment in favor of Dr. North on Counts I and IV is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and MINER, J., concur.