559 So.2d 720 (1990)
GLOBE SECURITY and National Union & Crawford & Company, Appellants,
v.
Margaret PRINGLE, Appellee.
No. 89-110.
District Court of Appeal of Florida, First District.
April 16, 1990.
Mathew D. Staver, Winter Park, for appellants.
William G. Berzak, Orlando and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
NIMMONS, Judge.
The employer and carrier appeal from an order awarding compensation benefits to the claimant for injuries sustained by the claimant and by her baby as a result of an accident which occurred in January, 1986, while she was carrying her baby in the 20th week of pregnancy. The appellee claimed that the accident precipitated complications in the pregnancy and eventually resulted in hemorrhaging and the premature delivery via a transverse Cesarean section in the 29th week of gestation.
The employer/carrier contend that there was no causal relationship between the claimant's industrial accident and the pregnancy complications and premature birth. We disagree and find competent substantial evidence to support such finding. We also affirm the medical and attendant care benefits awarded on account of injuries to the claimant. And we also affirm the award of wage loss on account of claimant's temporary, partial disability. However, we reverse that portion of the order which places responsibility on the employer/carrier for postnatal medical and attendant care of the child, Kristen. Among other things, the order awards five months of attendant care for Kristen "necessitated by Kristen's premature birth," hospital expenses associated with Kristen's treatment for a period of five weeks after her birth, dental evaluation and treatment of Kristen, evaluation and treatment of Kristen by an opthalmologist, and developmental therapy recommended by a pediatrician and a psychologist.
The judge's rationale for awarding such benefits was that Kristen was "a fetus and an integral part of the claimant, who was an employee at the time of the industrial accident." The judge also found persuasive the fact that the claimant was legally responsible for the medical bills of her dependent child and that such obligations ought to be assumed by the employer/carrier because they were necessitated by the industrial accident.
Such rationale does not comport with the language of the Workers' Compensation *721 Act (Act) and encroaches on the legislative domain. First, Chapter 440 provides coverage only for employees.[1]See Section 440.13(2)(a), Florida Statutes (1985) ("[T]he employer shall furnish to the employee such medically necessary treatment... ." (e.s.)); see also Section 440.09(1). The term "employee" is defined as follows:
(12)(a) "Employee" means every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens and also including minors, whether lawfully or unlawfully employed.
Section 440.02(12)(a), Florida Statutes.
Clearly, there is only one employee in the instant case  the claimant. The claimant's child is not an employee as that term is defined by the Act. Claimant attempts to circumvent this fact by asserting on appeal that the child, as an unborn fetus, was an integral part of the claimant/employee at the time of the industrial accident and, therefore, any injury sustained by the fetus, or any medical expenses later incurred by the fetus, as a result of the industrial accident should be the responsibility of the employer/carrier as would be an injury to any other part of the claimant's body. Moreover, claimant maintains that the medical expenses at issue were awarded directly to the claimant herself because these expenses were necessary remedial treatment required by the nature of claimant's injury pursuant to Section 440.13(2)(a), Florida Statutes (1985).[2]
We have no problem with holding the employer/carrier responsible for payment of reasonable medical expenses associated with complications arising during the mother's pregnancy resulting from the industrial accident inasmuch as such complications would constitute injuries to an "employee" covered by the Act. However, we do not believe that the employer/carrier should be responsible under Chapter 440 for postnatal expenses for care and treatment of the employee's child. Once the child is born, the child can no longer be considered an integral part of the employee/mother. Rather, there can be no question, at least at that point, that there exist two independent persons  an employee, whose injuries are covered by the Act, and the child of the employee who is capable of bringing a cause of action in tort in her own right for prenatal injuries resulting from the mother's accident.[3]Stern v. Miller, 348 So.2d 303, 305 (Fla. 1977); Day v. Nationwide Mutual Insurance Co., 328 So.2d 560 (Fla. 2nd DCA 1976).
In support of her position, claimant relies in part upon this court's decision in Doctors Hospital of Lake Worth v. Robinson, 411 So.2d 958 (Fla. 1st DCA 1982). Such reliance is misplaced. In Robinson, the claimant injured her lower back while attempting to lift a patient. Testimony from a neurosurgeon and a psychiatrist established that Robinson was suffering from both a bulging disc as well as emotional problems in the form of a moderate to severe depressive neurosis. According to the evidence, one of Robinson's exacerbating stressful situations was the necessity of caring for the needs of her four-year-old daughter. The psychiatrist opined that Robinson's continued care for her daughter was a major stress in her life and that it would be medically beneficial to her for the child to be in nursery school for several hours per day; this would aid in the treatment of her psychiatric condition and facilitate her return to work.
The employer and carrier appealed from an order awarding Robinson reimbursement for child care expenses. In affirming, this court outlined the salient facts, as *722 summarized above, with the following introductory remark:
In view of the unusual nature of this order and the lack of any clear precedential guidance, we find it appropriate to discuss the evidentiary basis of the award.
411 So.2d at 958. After doing so, the court concluded with this caveat:
In reaching this conclusion, we caution against anyone's misconstruing this opinion as an acceptance of the medical necessity of child care in cases involving circumstances less extreme than those specifically presented here.
411 So.2d at 959. Of course, the obvious and fundamental reason why Robinson has no application to the case at bar is because the award in Robinson was predicated entirely upon the medical and psychiatric needs of the claimant. Not so in the instant case. To extend the holding of Robinson to encompass the awards provided for in the subject appealed order would be entirely unwarranted and would constitute the very kind of misapplication which we were so careful to warn against in Robinson.
The claimant also relies upon the tort case of Singleton v. Ranz, 534 So.2d 847 (Fla. 5th DCA 1988). There, the Fifth District reversed summary judgment entered in favor of the defendant in a medical malpractice case arising out of a stillbirth. Singleton held that the fetus was living tissue of the mother's body, the tortious injury for which the mother had a cause of action the same as she would have for a tortious injury to any other part of her body. Id. at 848. We would demur because it certainly does not follow from the Singleton holding that Chapter 440 contemplates postnatal compensation awards for the benefit of the employee's child.
While, as the claimant correctly maintains, the workers' compensation statute is to be given liberal construction in favor of the claimant, it must also be administered and interpreted in fairness to both sides. State ex rel. Iowa National Mutual Insurance Co. v. Florida Industrial Commission, 151 So.2d 636 (Fla. 1963). It is important to recognize that the purpose of all workers' compensation acts is to provide not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981); McLean v. Mundy, 81 So.2d 501 (Fla. 1955); Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932).
Workers' compensation is a creature of statute and, therefore, must be governed by what the statute provides, not by what we may feel the law should be. J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553 (Fla. 1962); Evergreen Sod Farms, Inc. v. McClendon, 513 So.2d 1311 (Fla. 1st DCA 1987); Travelers Ins. Co. v. Sitko, 496 So.2d 920 (Fla. 1st DCA 1986). While injury to an "employee" is covered under Florida's Workers' Compensation Act, prenatal injuries to a child sustained as a result of the mother's industrial accident are not covered. Recovery in such a case is generally governed by traditional tort theory. While there may well be sound policy reasons for allocating the social cost of workplace injury to the unborn to the workers' compensation system, this is purely a matter for the Legislature. There is simply no provision in Chapter 440 for extending compensation benefits to a child who sustains prenatal injuries as a result of the mother's industrial accident, and we would be impermissibly invading the legislative prerogative were we to construe Chapter 440 to so provide. The implications of the extension of coverage in the manner urged by the claimant would be far reaching. This is the obvious domain of the legislature.
We have examined the other issues raised by appellants and find them to be without merit.
AFFIRMED in part and REVERSED in part.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] The only benefits provided by Chapter 440 for an employee's children are those benefits by virtue of a dependent child surviving a deceased employee as provided in Section 440.16, Florida Statutes.
[2] Section 440.13(2)(a) provides that "the employer shall furnish to the employee such medically necessary treatment, care and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require... ."
[3] In fact, the claimant testified that she had employed counsel for the purpose of filing a tort action on behalf of her daughter.