573 So.2d 376 (1991)
Therese McGEEHAN, Appellant,
v.
PARKE-DAVIS, a DIVISION OF WARNER-LAMBERT COMPANY, a Foreign Corporation; Pinellas County Health Department and Department of Health and Rehabilitative Services of the State of Florida, Appellees.
No. 90-00881.
District Court of Appeal of Florida, Second District.
January 11, 1991.
Rehearing Denied January 31, 1991.
Denise L. McCain and David T. Henniger of Greene & Mastry, P.A., St. Petersburg, for appellant.
Chester L. Skipper of Lyle & Skipper, P.A., St. Petersburg, for appellee Parke-Davis.
A. Wade James of Hampp & Schneikart, P.A., St. Petersburg, for appellees Pinellas County Health Dept. and Dept. of Health & Rehabilitative Services.
LEHAN, Judge.
We reverse the trial court's summary judgment in favor of defendants in this action for damages to plaintiff resulting from the loss of her fetus in an abortion. The abortion was alleged to have been brought about by the risk of birth defects from medication taken by her due to a negligently erroneous diagnosis that she suffered from tuberculosis, the medication having been allegedly prescribed and dispensed to her without a warning about the risk of birth defects therefrom. The summary judgment cited as authority Henderson v. North, 545 So.2d 486 (Fla. 1st DCA 1989) and Abdelaziz v. A.M.I.S.U.B. of Florida, Inc., 515 So.2d 269 (Fla. 3d DCA 1987), with both of which the trial court expressed disagreement.
The issue on appeal is whether the cause of action in this case is, as argued by defendants and apparently found by the trial court, for "the wrongful death of the fetus and the plaintiffs' mental suffering associated therewith," quoting Abdelaziz, 515 So.2d at 272, which was the type of cause of action held in that case and in Henderson to be not cognizable under the wrongful death statute. Id. We conclude that is not the cause of action in this case. In our view the cause of action in this case is, as argued by plaintiff, cognizable as a cause of action for bodily injury to the plaintiff, as she specifically alleged, and her mental suffering associated therewith. Singleton v. Ranz, 534 So.2d 847 (Fla. 5th DCA 1988). In fact, she has not alleged that she has a cause of action under the wrongful death statute. As Singleton said,

*377 An unborn fetus is either a new and separate human being or "person," temporarily residing within the womb of the host mother, OR it is a part of the mother's body, OR both. The Florida Supreme Court has held that, in legal contemplation, an unborn fetus is not a person for the wrongful death of whom a tortfeasor is liable to its survivors for damages under the Wrongful Death Act ... therefore, it is living tissue of the body of the mother for the negligent or intentional tortious injury to which the mother has a legal cause of action the same as she has for a wrongful injury to any other part of her body.
Id. at 847-48.
As Singleton pointed out, Abdelaziz may be distinguished from a case like this. That is, in Abdelaziz
the plaintiff mother conceded that she sustained no physical injuries to herself and attempted to allege a claim for the negligent infliction of mental distress resulting from the wrongful death of her fetus which the appellate court there found was, in substance, merely an attempt to circumvent existing case law holding that the Wrongful Death Statute does not provide for recovery of damages for loss of a stillborn fetus.
Singleton, 534 So.2d at 848 n. 3. Henderson, which cited Abdelaziz as authority and did not cite Singleton, may be similarly distinguished on the basis that no bodily injury to plaintiff was alleged in that case, only "physical pain" (and various nonphysical consequences) suffered from the "death of her unborn child." 545 So.2d at 487-88.
Plaintiff's allegation of bodily injury to herself was not conclusively refuted by the evidence before the trial court at the summary judgment hearing. See Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla. 2d DCA 1989). As Singleton recognized, the wrongfully caused loss of a fetus is a legally cognizable bodily injury to the woman whose body suffers the loss.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and ALTENBERND, J., concur.