630 So.2d 1136 (1993)
Phyllis Kay TANNER, individually, and James R. Tanner, individually and as Personal Representative of the Estate of Baby Boy Tanner, deceased, Appellants,
v.
Ellie M. HARTOG, M.D., Alberto DuBoy, M.D., Hartog and DuBoy, P.A., and Lakeland Regional Medical Center, Appellees.
No. 91-00057.
District Court of Appeal of Florida, Second District.
October 6, 1993.
Kennan George Dandar of Dandar & Dandar, P.A., Tampa, for appellants.
Philip D. Parrish and Robert M. Klein, Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellees Ellie M. Hartog, M.D., and Hartog & DuBoy, P.A.
Marilyn Drivas and Jerry L. Newman, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for appellees Alberto DuBoy, M.D., and Hartog and DuBoy, P.A.
Robert L. Trohn and Charles T. Canady, Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee Lakeland Regional Medical Center.
PATTERSON, Judge.
On remand from Tanner v. Hartog, 618 So.2d 177 (Fla. 1993), we reverse the trial court's order dismissing the appellants' complaint on statute of limitations grounds.
We also reverse the portion of the trial court's order which dismisses the complaint for failure to state a cause of action for personal injury to the mother. See Singleton v. Ranz, 534 So.2d 847 (Fla. 5th DCA 1988), review denied, 542 So.2d 1334 (Fla. 1989). However, we affirm that portion of the trial court's order finding that the complaint fails to state a cause of action for the wrongful *1137 death of the fetus. See Stern v. Miller, 348 So.2d 303 (Fla. 1977).
Affirmed in part, and reversed in part.
RYDER, A.C.J., and ALTENBERND, J., concur.