GUNTHER, Judge.
Sherri and Charles Hilsman appeal the final judgment entered following a jury verdict in their favor. They raise several issues on appeal, but only one merits discussion. The Hilsmans assert the trial court’s instruction on damages was misleading. We agree and reverse and remand for a new trial.
Sherri Hilsman and her husband, Charles Hilsman, filed an action against Winn Dixie after she slipped and fell on smashed green beans in the store. At the time of the fall Sherri was 5/6 weeks pregnant. Shortly after her fall Sherri experienced abdominal pain and cramps, and she went to the hospital emergency room. The next day, she went to her gynecologist’s office and had a sonogram. A few days later, she started spotting and then bleeding. Sherri had to have a D & C (dilation and curettage) and lost the baby.
At issue is the following jury instruction on damages that the Hilsmans contend is misleading:
The State of Florida does not recognize a cause of action for the wrongful death of a fetus. The injuries and damages, if any, are restricted to the Plaintiff, Sherri Hils-man’s, claim for her physical pain and bodily injury and for her mental anguish as a result of that physical pain and bodily injury.
The Hilsmans had requested the trial court to insert the following sentence after the first sentence of the jury instruction on damages:
The wrongfully caused loss of the fetus is a legally cognizable bodily injury to the woman whose body suffered the loss.
The sentence offered for the jury instruction by the Hilsmans is taken almost verbatim from the next-to-last sentence in McGeehan v. Parke-Davis Division of Warner-Lambert Company, 573 So.2d 376, 377 (Fla. 2d DCA), rev. denied, 583 So.2d 1036 (Fla.1991).
In Stokes v. Liberty Mut. Ins. Co., 213 So.2d 695 (Fla.1968), the supreme court discussed the historical grounds for its conclusion that the Wrongful Death of Minors Act did not extend to the death of a stillborn child resulting from prenatal injuries:
The courts have advanced various arguments denying recovery. Some have suggested that a child “en ventre sa mere” has no independent existence apart from its mother, and that in most instances the wrong may be corrected if the mother sues and recovers for her injuries. Our holding here should not be construed to preclude *117 such recovery in an action by the mother for personal injury suffered by her.
Id. at 700.
In Singleton v. Ranz, 534 So.2d 847, 847-48 (Fla. 5th DCA 1988), the court wrote the following, which is also quoted in McGeehan:
An unborn fetus is either a new and separate human being or “person”, temporarily residing within the womb of the host mother, OR it is a part of the mother’s body, OR both. The Florida Supreme Court has held that, in legal contemplation, an unborn fetus is not a person for the wrongful death of whom a tortfeasor is liable to its survivors for damages under the Wrongful Death Act (§ 768.19, Fla.Stat.); therefore, it is living tissue of the body of the mother for the negligent or intentional injury to which the mother has a legal cause of action the same as she has for a wrongful injury to any other part of her body. (Footnotes omitted.)
A jury, relying on the language of the instruction that was given in this case, would not know that a fetus, while in the mother’s womb, is living tissue of the body of the mother for injury to which the mother may recover damages. Thus, the jury in the instant ease might very well have ruled out that injury as a basis for damages when considering the amount of damages to which the woman is entitled.
The instruction requested by plaintiffs was, as we said earlier, based on the law set forth in this area by our sister courts. That particular language has not yet been approved as a jury instruction, and how the jury should be instructed is a question of first impression in Florida. Because Florida does not recognize a cause of action for the wrongful death of a fetus, we are concerned that the jury could be confused by the use of the term “loss of the fetus,” which was in the instruction suggested by plaintiffs. We cannot fault them for suggesting that terminology, however, because it is supported by our case law.
The law in Virginia in regard to this type of injury is the same as in Florida, i.e. an unborn child is not a person within the meaning of the Virginia wrongful death statute, but the mother may recover for the loss as an injury to her own body. Modaber v. Kelley, 348 S.E.2d 233, 237 (Va.1986). In Modaber, a malpractice action involving a full term stillbirth, the Virginia Supreme Court approved a jury instruction providing that “injury to an unborn child in the womb of the mother is to be considered as physical injury to the mother.” 348 S.E.2d at 236. We believe that an instruction along those lines, without referring to a “loss” or “death” of the fetus, would accurately apprise the jury of the plaintiffs right to recover, and yet still be consistent with the fact that there is no wrongful death action. We also recommend that our Supreme Court Committee on Standard Jury Instructions consider adopting a standard instruction to address this issue.
Accordingly, we reverse and remand for a new trial because the trial court’s instruction on damages was misleading.
REVERSED AND REMANDED.
HERSEY and KLEIN, JJ., concur.